O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID CHARLES PANGUS,                )   NO. EDCV 12-00103-MAN
                                     )
                Plaintiff,           )
                                     )   MEMORANDUM OPINION
        v.                           )
                                     )   AND ORDER
CAROLYN W. COLVIN,[1]                )
Acting Commissioner of Social        )
Security,                            )
                                     )
                Defendant.           )
                                     )
_____)

     Plaintiff filed a Complaint on January 25, 2012, seeking review of
the denial of plaintiff's application for a period of disability,
disability insurance benefits ("DIB"), and supplemental security income
("SSI").  On March 1, 2012, the parties consented, pursuant to 28 U.S.C.
§ 636(c), to proceed before the undersigned United States Magistrate
Judge.  The parties filed a Joint Stipulation on October 11, 2012, in
which:  plaintiff seeks an order reversing the Commissioner's decision
and remanding this case for the payment of benefits or, alternatively,

_____

     [1]     Carolyn W. Colvin became the Acting Commissioner of the Social
Security Administration on February 14, 2013, and is substituted in
place of former Commissioner Michael J. Astrue as the defendant in this
action.  (See Fed. R. Civ. P. 25(d).)

for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On August 17, 2010, plaintiff filed an application for a period of disability and DIB. (Administrative Record ("A.R.") 25.) On August 18, 2010, plaintiff filed an application for SSI. (*Id.*) Plaintiff, who was born on April 18, 1963 (A.R. 32),[2] claims to have been disabled since July 19, 2010 (A.R. 25), due to heart disease, heart attack, cirrhosis/liver failure, confusion, depression, anxiety, and Hepatitis C (A.R. 29-30, 73, 80).

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 25, 73-77, 80-84), plaintiff requested a hearing (A.R. 25, 86-87). On July 20, 2011, plaintiff, who was represented by an attorney, appeared and testified at a hearing before Administrative Law Judge Sharilyn Hopson (the "ALJ"). (A.R. 25, 38-68.) Medical expert Samuel Landau, M.D., and vocational expert Troy Scott also testified. (*Id.*) On July 28, 2011, the ALJ denied plaintiff's claim (A.R. 25-33), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 4-6). That decision is now at issue in this action.

---

[2]    On the alleged disability onset date, plaintiff was 47 years old, which is defined as a younger individual. (A.R. 32; citing 20 C.F.R. §§ 404.1563, 416.963.)

2

1                               **SUMMARY OF ADMINISTRATIVE DECISION**

2

3      The ALJ found that plaintiff meets the insured status requirements

4 of the Social Security Act through December 31, 2014, and has not

5 engaged in substantial gainful activity since July 19, 2010, the alleged

6 onset date of his disability. (A.R. 27.) The ALJ determined that

7 plaintiff has the severe impairments of: a "learning disorder[;] mood

8 disorder[;] chronic active hepatitis cause[d] by alcohol (in sustained

9 remission)/HCV [(Hepatitis C virus)] with liver cirrhosis[;] Childs-Pugh

10 A[;] ischemic heart disease with successful [stent placement] in 2005

11 and chronic stable angina pectoris, NYHA [(New York Heart Association)]

12 2C." (*Id.*) The ALJ concluded, however, that plaintiff does not have an

13 impairment or combination of impairments that meets or medically equals

14 one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix

15 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925,

16 and 416.926). (*Id.*)

17

18      After reviewing the record, the ALJ determined that plaintiff has

19 the residual functional capacity ("RFC") to perform less than a full

20 range of light work as defined in 20 C.F.R. §§ 404.1567(b) and

21 416.967(b) with the following limitations:

22

23      [Plaintiff] can stand and/or walk for six hours in an 8-hour

24      workday; he can sit for six hours in an 8-hour workday with

25      normal breaks such as every 2 hours; he can lift and/or carry

26      10 pounds frequently and 20 pounds occasionally; he can climb

27      stairs, but he cannot climb ladders, work at heights, or

28      balance; and his work environment should be air-conditioned

1  for temperature control. [Plaintiff] is limited to simple
2  routine tasks.
3
4  (A.R. 28-29.)
5
6    The ALJ found that plaintiff is unable to perform any past relevant
7  work.  (A.R. 31.)  However, based upon his RFC assessment for plaintiff
8  and after having considered plaintiff's age, education,[3] work experience,
9  and the testimony of the vocational expert, the ALJ found "there are
10 jobs that exist in significant numbers in the national economy that
11 [plaintiff] can perform," including that of "electronics worker,"
12 "packing machine operator," and "house cleaner."  (A.R. 32.)
13 Accordingly, the ALJ concluded that plaintiff has not been under a
14 disability, as defined in the Social Security Act, from July 19, 2010,
15 through July 28, 2011, the date of the ALJ's decision.  (A.R. 33.)
16
17                      **STANDARD OF REVIEW**
18
19    Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
20 decision to determine whether it is free from legal error and supported
21 by substantial evidence in the record as a whole.  Orn v. Astrue, 495
22 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant
23 evidence as a reasonable mind might accept as adequate to support a
24 conclusion.'"  Id. (citation omitted).  The "evidence must be more than
25 a mere scintilla but not necessarily a preponderance."  Connett v.
26 Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the
27
28     [3]    The ALJ found that plaintiff has at least a high school
education and is able to communicate in English.  (A.R. 32.)

                                4

1  record can constitute substantial evidence, only those 'reasonably drawn
2  from the record' will suffice." <u>Widmark v. Barnhart</u>, 454 F.3d 1063,
3  1066 (9th Cir. 2006)(citation omitted).

4

5      Although this Court cannot substitute its discretion for that of
6  the Commissioner, the Court nonetheless must review the record as a
7  whole, "weighing both the evidence that supports and the evidence that
8  detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of</u>
9  <u>Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also*
10  <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is
11  responsible for determining credibility, resolving conflicts in medical
12  testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d
13  1035, 1039 (9th Cir. 1995).

14

15      The Court will uphold the Commissioner's decision when the evidence
16  is susceptible to more than one rational interpretation.  <u>Burch v.</u>
17  <u>Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may
18  review only the reasons stated by the ALJ in his decision "and may not
19  affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d
20  at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse
21  the Commissioner's decision if it is based on harmless error, which
22  exists only when it is "clear from the record that an ALJ's error was
23  'inconsequential to the ultimate nondisability determination.'" <u>Robbins</u>
24  <u>v. Soc. Sec. Admin</u>, 466 F.3d 880, 885 (9th Cir. 2006)(quoting <u>Stout v.</u>
25  <u>Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d
26  at 679.
27  ///
28  ///

**DISCUSSION**

Plaintiff claims the ALJ did not give clear and convincing reasons for rejecting his subjective complaints. (Joint Stipulation ("Joint Stip.") at 4-9.) In particular, plaintiff contends that the ALJ failed to consider properly his complaints of fatigue -- complaints which the medical expert, whose opinion the ALJ relied upon in assessing plaintiff's RFC (A.R. 31), opined were consistent with plaintiff's cirrhosis of the liver (A.R. 54).

**I.    The ALJ Failed To Give Clear And Convincing Reasons For Discrediting Plaintiff's Subjective Complaints.**

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work

record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains.   *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

At the July 20, 2011 Administrative Hearing, when asked to discuss his symptoms, plaintiff testified that he experiences:   weakness and fatigue; confusion; abdominal pain; difficulties sleeping; and recurrent dizzy spells.   (A.R. 29, 61-63.)   He testified that if he sits down to do paperwork, he gets a headache.   (A.R. 59.)   With respect to his daily activities, plaintiff testified that he can:   take care of his personal hygiene; perform light household chores, including sweeping, mopping, and washing dishes (A.R. 45); and drive short distances without feeling fatigued (A.R. 46).   Plaintiff also testified that he did not know whether he experienced any side effects from his medications.   (A.R. 63.)

The ALJ found, as noted *supra*, that plaintiff has the severe impairments of:  a "learning disorder[;] mood disorder[;] chronic active hepatitis cause[d] by alcohol (in sustained remission)/HCV [(Hepatitis C virus)] with liver cirrhosis[;] Childs-Pugh A[;] ischemic heart disease with successful [stent placement] in 2005 and chronic stable angina pectoris, NYHA [(New York Heart Association)] 2C."   (A.R. 27.) The ALJ also found that "[plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 29.)   Further, the ALJ cited no evidence of malingering by plaintiff.   Accordingly, the ALJ's reason for discrediting plaintiff's subjective complaints must be clear and convincing.

1    The ALJ found that "[plaintiff]'s statements concerning the
2  intensity, persistence, and limiting effects of [his] symptoms are not
3  credible to the extent they are inconsistent with [the ALJ's RFC]
4  assessment." (A.R. 29.) Specifically , the ALJ found plaintiff to be
5  not credible, because: (1) the medical evidence does not support the
6  level of limitations alleged by plaintiff; (2) plaintiff is a poor
7  historian; and (3) plaintiff made an inconsistent statement regarding
8  his daily activities.[4] (A.R. 29-30.)

9

10    The ALJ's first reason for discrediting plaintiff -- *i.e.*, that the
11 medical record does not corroborate plaintiff's subjective symptom
12 testimony fully -- is, by itself and without being buttressed by other
13 appropriate reasons, an insufficient basis upon which to reject
14 plaintiff's credibility. Rollins v. Massanari, 261 F.3d 853, 856 (9th
15 Cir. 2001); Bunnell, 947 F.2d at 347 (noting that "[i]f an adjudicator
16 could reject a claim of disability simple because [plaintiff] fails to
17 produce evidence supporting the severity of the pain, there would be no
18 reason for an adjudicator to consider anything other than medical
19 findings"). Accordingly, the ALJ's finding that the *level* of
20 plaintiff's alleged limitations is not supported by the medical evidence

21

22    [4]   The Commissioner also contends that the ALJ found plaintiff to
   be not credible, because his treatment was conservative. (Joint Stip.
23 at 11.) Contrary to the Commissioner's contention, the ALJ never
   specifically discredited plaintiff because his treatment was
24 conservative. Rather, in summarizing plaintiff's treatment, the ALJ
   stated that the medical records "show[ed] some treatment and one
25 problematic episode that resolved in a relatively short period of time."
   (A.R. 30.) Critically, however, the ALJ never explained *how or why*
26 plaintiff's treatment detracted from his credibility. Moreover, the ALJ
   does not suggest, and the medical record does not appear to contain, any
27 specific treatment to ameliorate plaintiff's chief complaint of fatigue
   from his cirrhosis of the liver. Accordingly, to the extent the ALJ
28 discredited plaintiff because his treatment was "conservative," the
   ALJ's reasoning is unpersuasive.

cannot, alone, constitute a clear and convincing reason for rejecting plaintiff's testimony. *See* <u>Varney v. Secretary</u>, 846 F.2d 581, 584 (9th Cir. 1988); <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1407 (9th Cir. 1986).

The ALJ's second reason for discrediting plaintiff -- *i.e.*, that he is a "poor historian" -- is unpersuasive.  The ALJ notes that, after performing a "complete internal examination" of plaintiff, Dr. Sandra Eriks, M.D., "considered [plaintiff] a 'poor historian.'" (A.R. 30.) The ALJ concluded that "Dr. Eriks' opinion of [plaintiff]'s ability as a historian . . . detract[s] from the credibility of [plaintiff]'s allegations concerning his symptoms and impairments." (*Id.*)  After reviewing Dr. Eriks' evaluation of plaintiff, however, it appears that Dr. Eriks found plaintiff to be a "poor historian," because he could not remember, *inter alia*, exactly what procedures he had undergone and how his "diagnosis was made."[5]  (A.R. 217.)  Rather than detracting from plaintiff's credibility, as the ALJ concluded, plaintiff's inability to recall the details surrounding the procedures he has undergone and his diagnoses appears to be consistent with his learning disability and his testimony that he experiences confusion.  Accordingly, in this case, the fact that Dr. Eriks found plaintiff to be a poor historian does not constitute a clear and convincing reason for discrediting plaintiff.

The ALJ's last reason for finding plaintiff to be not credible is also neither clear nor convincing.  In her decision, the ALJ found that

---

[5]    Notably, in finding plaintiff to be a poor historian, Dr. Eriks did not suggest that plaintiff was not forthcoming and/or candid with his responses.

plaintiff's statement, in his December 30, 2010[6] Disability Appeal Report, that he "can't have any physical activities" due to his "heart disease . . . worsen[ing]" and "need [for] a liver transplant" is inconsistent with his July 20, 2011 testimony that he does household chores and walks around his neighborhood. (A.R. 29.) While the ALJ may consider inconsistent statements in rendering her credibility assessment, the two statements by plaintiff are not necessarily inconsistent.  As an initial matter, it appears that days prior to completing his Disability Appeal Report, plaintiff had been hospitalized for chest pains and underwent, *inter alia*, a left heart catheterization and left ventriculography.  (A.R. 261.)  As such, the fact that plaintiff felt that he could not perform any physical activities at that time is not inconsistent with his testimony, given months later, that he could perform light household chores and walk around his neighborhood. Moreover, in stating that he "can't perform any physical activities," it does not appear that plaintiff was stating that he could not perform *any* activity whatsoever, and it is unclear whether plaintiff's basic activities would amount to what plaintiff considered "physical activity."  Certainly, on the record before the Court, plaintiff's minimal daily activities do not translate into the ability to perform full-time work.[7]  *See* <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1050 (9th Cir.

---

[6]   Although not dated, it appears that plaintiff's Disability Appeal Report was completed on December 30, 2010.  (A.R. 176, noting in a subsequent report that plaintiff's last Disability Report was completed on December 30, 2010.)

[7]   Perhaps, on remand, if the ALJ inquired further into plaintiff's activities, she would find them to be consistent with full-time employment.  However, as noted *supra*, based on the record before the Court, plaintiff's minimal activities do not appear to be consistent with full-time employment.

2001)(noting that the "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"); <u>Smolen v. Chater</u>, 80 F.3d 1272, 1283 n.7 (9th Cir. 1996)("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."). Therefore, the ALJ's reasoning does not constitute a clear and convincing reason for discrediting plaintiff.

Accordingly, for the aforementioned reasons, the ALJ failed to give clear and convincing reasons, as required, for finding plaintiff to be not credible.[8]  This constitutes error.

## II.   <u>Remand Is Required.</u>

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon

---

[8]    While the Commissioner now offers other reasons to explain the ALJ's credibility determination, the Court cannot entertain these post hoc rationalizations.  *See, e.g.,* <u>Connett</u>, 340 F.3d at 874 (finding that "[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

1   the likely utility of such proceedings."). However, where there are
2   outstanding issues that must be resolved before a determination of
3   disability can be made, and it is not clear from the record that the ALJ
4   would be required to find the claimant disabled if all the evidence were
5   properly evaluated, remand is appropriate. *Id.* at 1179-81.

7       Remand is the appropriate remedy to allow the ALJ the opportunity
8   to remedy the above-mentioned deficiencies and errors.[9]   *See, e.g.,*
9   Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)(ordering remand so
10  that the ALJ could articulate specific and appropriate findings, if any
11  existed, for rejecting the claimant's subjective pain testimony).   On
12  remand, the ALJ must revisit plaintiff's testimony and must either
13  credit plaintiff's testimony *or* give clear and convincing reasons why
14  plaintiff's testimony, particularly his testimony regarding his fatigue,
15  is not credible.   After so doing, the ALJ may need to reassess

---

[9]       In the Ninth Circuit, courts have the discretion to "credit as true" the testimony of claimants when the ALJ has failed to provide legally sufficient reasons for rejecting the same. *See, e.g.,* Connett, 340 F.3d at 876 (holding that "[i]nstead of being a mandatory rule, we have some flexibility in applying the 'credit as true' theory").   In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, applying the "credit as true" rule is appropriate. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009).

        Here, if plaintiff's testimony were credited as true, it is unclear whether plaintiff would be considered disabled under the Social Security Act.   At the hearing, the vocational expert testified that a hypothetical person with plaintiff's RFC who was "off-task 20 percent of the time due to fatigue" would not be able to perform any work. (A.R. 66.)   Critically, however, while plaintiff testified that he felt fatigued, he did not specifically testify for what duration he would be "off task" as a result of his fatigue.   Accordingly, because it is unclear whether plaintiff's testimony, if credited as true, would require a finding of disability, the Court declines to credit his testimony as true.

1  plaintiff's RFC, in which case additional testimony from a vocational

2  expert likely will be needed to determine what work, if any, plaintiff

3  can perform.

4

5                              **CONCLUSION**

6

7       Accordingly, for the reasons stated above, IT IS ORDERED that the

8  decision of the Commissioner is REVERSED, and this case is REMANDED for

9  further proceedings consistent with this Memorandum Opinion and Order.

10

11      IT IS FURTHER ORDERED that the Clerk of the Court shall serve

12  copies of this Memorandum Opinion and Order and the Judgment on counsel

13  for plaintiff and for defendant.

14

15      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

16

17  DATED:  May 23, 2013

18                                    _____
                                           MARGARET A. NAGLE
19                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                     13